IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RANDALL TYLER HUTCHISON,**

    **Plaintiff,**

v.

**GOVERNOR MIKE DEWINE, et al.,**

    **Defendants.**

**Civil Action 2:21-cv-5289**
**Judge Sarah D. Morrison**
**Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMMENDATION

This matter is before the Court on two Motions to Dismiss. The first is brought by President Joseph Biden, Vice President Kamala Harris, Attorney General Merrick Garland, U.S. Attorney for the Southern District of Ohio Vipal J. Patel, and the Honorable Edmund A. Sargus, Jr. (collectively, the "Federal Defendants"). (Doc. 4). The second is brought by Defendants Ohio Governor Mike DeWine, Ohio Attorney General Dave Yost, Fifth District Court of Appeals Judges Craig Baldwin, John Wise, and Patricia Delaney, and Ohio Supreme Court Justices Maureen O'Connor, Sharon Kennedy, Patrick Fischer, Patrick DeWine, Michael Donnelly, Melody Stewart, and Jennifer Brunner (collectively the "State Defendants"). (Doc. 9). For the following reasons, the Undersigned **RECOMMENDS** Federal Defendants' Motion to Dismiss (Doc. 4) be **GRANTED**, Federal Defendants be **DISMISSED** from this action, and the remainder of the case be **REMANDED** to the Supreme Court of Ohio. It is further **RECOMMENDED** that Federal Defendants' request to declare Plaintiff a vexatious litigant (Doc. 4) be **DENIED**.

**I.   BACKGROUND**

Plaintiff Randall T. Hutchison, a *pro se* prisoner incarcerated at the Toledo Correctional Institution, originally filed this petition for a writ of mandamus in the Supreme Court of Ohio.

(Docs. 1, 2). He is currently serving a twenty-year sentence for shooting police officer Jarrod Conley in 2014. (Doc. 2 at 3). Plaintiff named thirty-two Defendants, twenty-seven of whom are state and local officials or employees. (*Id.* at 1–2). The remaining five were named in their capacities as federal officials: President Joseph Biden, Vice President Kamala Harris, Attorney General Merrick Garland, U.S. Attorney for the Southern District of Ohio Vipal J. Patel, and the Honorable Edmund J. Sargus, Jr. (*Id.* at 2). In his petition, Plaintiff demands that the Federal Defendants release him from prison, order the production of evidence from various state officials, and file criminal charges against these same state officials. (*See generally id.*).

Federal Defendants removed the action to this Court pursuant to 28 U.S.C. § 1442. (Doc. 1). After removal, Federal Defendants filed a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). (*See generally* Doc. 4). In that motion, Federal Defendants also asked the Court to designate Plaintiff a "vexatious litigator" and impose pre-filing restrictions on his future litigation. (*Id.* at 11–13). Federal Defendants rest their argument on Plaintiff's conduct in a related federal case, *United States v. Hutchison*, 2:09-cr-00294 (S.D. Ohio Dec. 17, 2009). (*Id.*). Plaintiff filed two motions to vacate and a writ of mandamus with respect to that federal conviction, and the writ currently before the Court largely mirrors the claims made in those prior filings. (*Id.* at 5–7). Federal Defendants argue that Plaintiff has demonstrated a pattern of vexatious litigation by recycling his prior claims and gradually naming additional parties—until ultimately tying in President Biden, Vice President Harris, and other high-ranking officials in the present action. (*See id.* at 13).

Subsequently, twelve of the State Defendants renewed their own motion to dismiss before this Court, originally filed in the Supreme Court of Ohio. (Doc. 9). Plaintiff filed responses to

2

State Defendants' and Federal Defendants' motions. (Docs. 10, 16). With respect to the Federal Defendants' arguments, Plaintiff contested the vexatious litigant classification but did not address the pleading or jurisdictional defects alleged in the Motion to Dismiss. (Doc. 10 at 1).

## II. STANDARD

When a defendant moves to dismiss under both Rule 12(b)(1) and 12(b)(6), the Court must consider the 12(b)(1) motion first because the 12(b)(6) motion will become moot if the Court lacks subject-matter jurisdiction. *City of Heath v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993). Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move to dismiss for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Jurisdictional challenges under that Rule come in two forms—facial and factual. *See Hanrahan v. Mohr*, No. 2:13-cv-1212, 2015 WL 1476551, at *2 (S.D. Ohio Mar. 31, 2015) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996)). Here, Federal Defendants have raised a facial challenge because they argue that, as a matter of law, Plaintiff cannot compel them to act by way of a state mandamus. (*See* Doc. 4 at 8). As such, the Court need not look outside the pleadings to decide whether it has jurisdiction, and it must consider all of Plaintiff's allegations as true. *See Hanrahan*, 2015 WL 1476551, at *2 (citing *RMI Titanium Co.*, 78 F.3d at 1134). Ultimately, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *King v. Corp. of U.S. of Am.*, No. 05 CV 72849 DT, 2005 WL 3320866, at *1 (E.D. Mich. Dec. 7, 2005) (citing *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002)).

Additionally, this Court may enjoin litigants from refiling claims to prevent abusive, vexatious, or harassing litigation. *See, e.g., Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). This power typically pertains to "prolific litigators" undeterred by repeated failure or the

usual course of sanctions. *See id.*; *see also Wrenn v. Vanderbilt Univ. Hosp.*, 50 F.3d 11 (6th Cir. 1995) (unpublished table decision) ("[W]e note that past sanctions . . . have had less than the desired effect. Therefore, we grant the . . . request for injunctive relief."). While this power falls within the Court's discretion, it generally requires a "pattern of litigation" that is "repetitive, frivolous, or vexatious enough" to call for an injunction. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (internal quotation marks omitted) (quoting *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983).

### III. DISCUSSION

Federal Defendants make two arguments in support of dismissal: (1) this Court lacks subject-matter jurisdiction, meaning dismissal is proper under Rule 12(b)(1); and (2) Plaintiff has failed to state a claim for which relief can be granted, meaning dismissal is proper under Rule 12(b)(6). (Doc. 4 at 1). Because the Court finds subject-matter jurisdiction lacking, only the first requires discussion here. For similar reasons, the Court will not consider the State Defendants' Renewed Motion to Dismiss.

Additionally, the Court will consider Federal Defendants' argument that Plaintiff is a vexatious litigant—that is, whether he should be subject to pre-filing restrictions for future litigation before this Court. (Doc. 4 at 11).

#### A. Subject-Matter Jurisdiction

Federal Defendants removed this state mandamus action by way of 28 U.S.C. § 1442, which provides federal officers a vehicle to obtain a federal forum for actions initiated against them in state courts. Accordingly, any subject-matter jurisdiction exercised by this Court will be in connection with its removal jurisdiction properly invoked by Federal Defendants.

With respect to federal officers, removal jurisdiction is a "purely derivative" form of jurisdiction. *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981). It ensures a federal forum for a class of litigants, but it does not transform the state-law nature of the underlying claim. *Id.* This has been referred to as the "derivative jurisdiction doctrine," which "holds that if the state court where an action is filed lacks subject-matter jurisdiction, the federal court, upon removal, also lacks subject-matter jurisdiction." *Zeune v. Bender*, No. 2:12-cv-448, 2013 WL 1189856, at *2 (S.D. Ohio Mar. 22, 2013). While Congress abrogated use of the derivative jurisdiction doctrine with respect to diversity removal, most courts agree that the doctrine remains applicable to federal officer removal under § 1442. *See* 28 U.S.C. § 1441(f) ("The court to which a civil action is removed *under this section* is not precluded from hearing and determining any claim . . . because the State court . . . did not have jurisdiction . . . ." (emphasis added)); *Graber v. Astrue*, No. 2:07-cv-1254, 2009 WL 728564, at *2 (S.D. Ohio Mar. 17, 2007) ("[T]he language of § 1441(f), overruling the derivative jurisdiction doctrine for cases removed under § 1441, does not reach cases removed under § 1442.").

In this case, the Supreme Court of Ohio lacked subject-matter jurisdiction because state courts have no jurisdiction to issue mandamus to a federal officer. *McClung v. Silliman*, 19 U.S. (6 Wheat.) 598, 603–05 (1821); *Ex Parte Shockley*, 17 F.2d 133, 137 (N.D. Ohio 1926); *Zeune v. Bender*, No. 2:12-cv-448, 2013 WL 1189856, at *2 (S.D. Ohio March 22, 2013); *Ohio ex rel. Griffin v. Smith*, No. 2:06-cv-1022, 2007 WL 1114252, at *1 (S.D. Ohio April 12, 2007). Because the Supreme Court of Ohio had no jurisdiction over Federal Defendants when Plaintiff brought his claims, this Court likewise has no jurisdiction on removal.

When a court finds that it lacks subject-matter jurisdiction over a removed case, ordinarily that case "shall be remanded" back to the state court. 28 U.S.C. § 1447(c). Yet this Court and

others have held that, in federal officer removal cases where no court would have jurisdiction over the claim, the proper course of action is to dismiss the federal officers. *Zeune*, 2013 WL 118956, at *3; *Est. of West v. U.S. Dep't of Veteran Affs.*, 895 F.3d 432, 435–36 (6th Cir. 2018); *see also Moreland v. Van Buren GMC*, 93 F. Supp. 2d 346, 354–55 (E.D.N.Y. 1999); *Nebraska ex rel. Dep't of Soc. Servs. v. Bentson*, 146 F.3d 676, 678–79 (9th Cir. 1998). This spares the parties the unnecessary middle step of remanding the entire matter to the state court, only to have the federal officers dismissed there for lack of jurisdiction. *See Moreland*, 93 F. Supp. 2d at 355 (quoting 16 James W. Moore et al., *Moore's Federal Practice* § 107.15(1)(b)(vi) (3d ed. 1997)); *Bentson*, F.3d at 679 ("[T]he district court simply gave effect to the jurisdictional realities of the situation before it.").

If § 1442 confers the sole basis for subject-matter jurisdiction, once the federal officers are dismissed, a federal district court no longer has subject-matter jurisdiction over the remainder of the action. In keeping with § 1447(c), these situations then require the district court to remand any remaining defendants back to state court after dismissing the federal officers. *See Zeune*, 2013 WL 118956, at *3; *Moreland*, 93 F. Supp. 2d at 355; *Bentson*, 146 F.3d at 679. That is the situation here. The Court exercises jurisdiction only by way of Federal Defendants' § 1442 removal. (*See generally* Doc. 1). But because removal cannot create jurisdiction over federal officers where none existed in state court—and because no state court would have jurisdiction to issue a state-law mandamus to the Federal Defendants—the Court should dismiss the Federal Defendants. Without the Federal Defendants, the Court has no subject-matter jurisdiction over the remainder of the action.

In sum, federal courts are courts of limited jurisdiction. *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

6

U.S. 375, 377 (1994)).  And it is the Court's responsibility to consider *sua sponte* whether it has such jurisdiction.  *Id.* (citing *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)).  This Court should, pursuant to § 1442, assess the claims commenced in the state court against officers of the United States.  Because no state court would have jurisdiction to issue mandamus against federal officers, and thus this Court has no derivative jurisdiction, Federal Defendants should be dismissed from this action.  Simply remanding the claims against Federal Defendants to state court, aware that jurisdiction in the state court is impossible, would be inefficient and would not serve the purposes of § 1442.  Yet, with Federal Defendants dismissed from this action, the Court has no subject-matter jurisdiction over the remaining claims, in which Plaintiff seeks to have Ohio law enforced against officers of the State of Ohio.  Thus, the Court should remand the remainder of the action according to § 1447(c) and allow the claims to be adjudicated in the Supreme Court of Ohio.

Accordingly, it is **RECOMMENDED** that Federal Defendants be **DISMISSED**, and that the remainder of this action with respect to the State Defendants be **REMANDED** to the Supreme Court of Ohio.

### B. Vexatious Litigant

Federal Defendants also argue that Plaintiff is a vexatious litigant who should have pre-filing restrictions imposed on his future litigation.  (Doc. 4 at 11–13).  Courts have exercised this power "to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters."  *Hurt v. Koch*, No. 1:14-cv-428, 2014 WL 2207349, at *3 (S.D. Ohio May 28, 2014).  Because it is a severe remedy, the Court should wield it only where a "general pattern" of harassing, frivolous, or malicious litigation has emerged.  *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (internal quotation marks omitted) (quoting *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983)).

Because such an injunction rests solely on the Court's discretion, no bright-line standard exists for determining when a litigant becomes "vexatious." In one example, filing eight cases in one year on the same matter met the standard. *Bush v. OPM Post-Retirement*, No. 1:14-cv-424, 2014 WL 2442163, at *1 (S.D. Ohio May 30, 2014) (report and recommendation), *adopted by* 2014 WL 3764486 (S.D. Ohio July 31, 2014). In another, a litigant turned to this Court upon receiving vexatious litigant status for four state-court lawsuits seeking damages for "mind-control." *Lutz v. Columbus*, No. 1:11-cv-350, 2011 WL 6307886, at *2 (S.D. Ohio Nov. 23, 2011) (report and recommendation), *adopted by* 2011 WL 6296730 (S.D. Ohio Dec. 16, 2011). In any case, though, the Court should determine that a "constant flow of meritless and repetitive" litigation is impending unless an injunction is issued.

Federal Defendants liken Plaintiff's litigation history to the cases above, characterizing his arguments as "rambling allegations of a conspiracy" and claiming that the "cumulative burden of [Plaintiff's] repeated filings is substantial." (Doc. 4 at 1, 13). But compared to the examples above, Plaintiff's history of litigation before this Court is sparse. Plaintiff was convicted in a 2009 criminal case. *United States v. Hutchison*, 2:09-cr-294 (S.D. Ohio Dec. 17, 2009). After he was later found to have violated the conditions of his supervised release, he made several motions challenging both the violation of supervised release and the underlying conviction. Admittedly, the Court denied each of these motions as meritless. *See generally* Order Denying Motion to Vacate Sentence as to Randall T. Hutchison (Doc. 112) (Oct. 19, 2016); Order Dismissing Petitioner's Motion to Vacate (Doc. 124) (Dec. 13, 2020); Order Granting Motion to Dismiss and Dismissing Petition for a Writ of Mandamus (Doc. 129) (Feb. 10, 2021). Plaintiff recycles some of the deficient claims and language of those motions here, but his conduct does not yet rise to the

8

level of repetitive, vexatious litigation seen in the cases cited by Federal Defendants. (*E.g.*, Doc. 4 at 12 (citing *Hurt*, 2014 WL 2207349, at *3)).

In 2015, Plaintiff initiated the only action he brought willingly before this Court: a case against the police officers involved in his arrest for the 2014 shooting. *Hutchison v. Newark Police Dep't*, No. 2:15-cv-3057 (S.D. Ohio Dec. 04, 2015). Now, to the extent Federal Defendants seek to rely on the present action as part of Plaintiff's pattern of litigation before this Court, it must be stated that this action is only before the Court because Federal Defendants *removed* it here—not because Plaintiff initiated it here. (*See generally* Doc. 2). That makes it an even less appropriate vehicle for designating Plaintiff a vexatious litigant.

To be sure, *pro se* litigants filing *in forma pauperis* have little incentive to curtail their filings, even when sanctioned. *See Bush*, 2014 WL 2442163, at *2 (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)). While Plaintiff certainly has the potential to game these features of the federal system, he has not yet demonstrated enough of a pattern to require the added burden of obtaining leave for subsequent filings. If Plaintiff's conduct truly warrants concern, the Court would do better to warn Plaintiff how close he is to becoming a "vexatious litigant" before issuing an injunction. *See Hurt*, 2014 WL 2207349, at *3. Accordingly, it is **RECOMMENDED** that Federal Defendants' request to declare Plaintiff a vexatious litigant be **DENIED**. Still, Plaintiff is reminded that his filing privileges will be curtailed if he engages in vexatious conduct in the future.

IV. **CONCLUSION**

For the foregoing reasons, the Undersigned **RECOMMENDS** Federal Defendants' Motion to Dismiss (Doc. 4) be **GRANTED**, Federal Defendants be **DISMISSED** from this action, and the remainder of the case be **REMANDED** to the Supreme Court of Ohio. It is further

**RECOMMENDED** that Federal Defendants' request to declare Plaintiff a vexatious litigant (Doc. 4) be **DENIED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: March 8, 2022

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE