UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RANDALL TYLER HUTCHISON,**

    **Plaintiff,**

  v.

**GOVERNOR MIKE DEWINE,** *et al.***,**

    **Defendants.**

Case No. 2:21-cv-5289
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## ORDER

Plaintiff Randall Tyler Hutchison is a *pro se* prisoner currently incarcerated at the Toledo Correctional Institution, where he is serving a twenty-year sentence for shooting a police officer. (ECF No. 2 at PageID 66.) Mr. Hutchison's petition for a writ of mandamus was originally filed in the Supreme Court of Ohio (ECF No. 2), but was removed to this Court pursuant to 28 U.S.C. § 1442 (ECF No. 1).

This matter is before the Court on the Magistrate Judge's Report and Recommendation on two Motions to Dismiss. (ECF No. 22.) The first Motion was filed by President Joseph Biden, Vice President Kamala Harris, Attorney General Merrick Garland, U.S. Attorney for the Southern District of Ohio Vipal J. Patel, and the Honorable Edmund A. Sargus, Jr. (collectively, the "Federal Defendants"). (ECF No. 4.) The second was filed by Defendants Ohio Governor Mike DeWine, Ohio Attorney General Dave Yost, Fifth District Court of Appeals Judges Craig Baldwin, John Wise and Patricia Delaney, and Ohio Supreme Court Justices Maureen

O'Connor, Sharon Kennedy, Patrick Fischer, Patrick DeWine, Michael Donnelly, Melody Stewart, and Jennifer Brunner (collectively, the "State Defendants"). (ECF No. 9.)

The Magistrate Judge recommended that the Federal Defendants' Motion to Dismiss (ECF No. 4) be granted, finding the Court lacks subject matter jurisdiction under the derivative jurisdiction doctrine (ECF No. 22). The Magistrate Judge also recommended that the Federal Defendants be dismissed from this action, and the remainder of this case be remanded to the Supreme Court of Ohio. (*Id.*) The Magistrate Judge further recommended that the Federal Defendants' request to declare Mr. Hutchison a vexatious litigant be denied. (*Id.*)

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court construes Mr. Hutchison's filings at ECF Nos. 23, 24, 27[1], and 31 as objections to the Report and Recommendation because they include arguments

---

[1]Defendants Juan Hernandez and James Hobbs, both employees of the Ohio Department of Rehabilitation and Corrections, move to strike Mr. Hutchison's objection at ECF No. 27 arguing Mr. Hutchison's objection is redundant and does not make legal arguments. (ECF No. 28.) The Court **DENIES** the motion to strike and addresses Mr. Hutchison's objections on the merits.

2

regarding this Court's jurisdiction.[2] (ECF No. 22.) Though Mr. Hutchison asserts that this Court "has full power to act and as a matter of law must act," he does not explain why the derivative jurisdiction doctrine should not apply. (ECF No. 23 at PageID 10, and *see* ECF Nos. 24, 27, 31.) The derivative jurisdiction doctrine holds that if the state court where an action is filed lacks subject matter jurisdiction, the federal court, upon removal, also lacks subject matter jurisdiction. *Zeune v. Bender*, No. 2:12-cv-448, 2013 WL 1189856, at *2 (S.D. Ohio Mar. 22, 2013). "In other words, the derivative jurisdiction doctrine applies to cases removed under 28 U.S.C. § 1442 even if the district court would have had jurisdiction if the plaintiff had originally filed his action there." *Id*. The Magistrate Judge found that the Supreme Court of Ohio lacked subject matter jurisdiction because state courts have no jurisdiction to issue mandamus to a federal officer, the derivative jurisdiction doctrine applies, and the Court lacks subject matter jurisdiction. (ECF No. 22 at PageID 287.) The Court agrees, and the objections at ECF Nos. 23, 24, 27, and 31 are **OVERRULED**.

Mr. Hutchison also argues that he is entitled to a finding of facts, the production of evidence, appointed counsel, and hearings. (*See* ECF Nos. 13, 14, 15, 26, 27, 29, 30, 31, 32, 33, 34.) Additionally, he argues that the officers of the Court involved in this matter are required under the "Code of Judicial Conduct" to file

---

[2]"A *pro se* litigant is entitled to a liberal construction of his pleadings and filings," but must still "do more than assert bare legal conclusions." *Smotherman v. Errett*, 2:19-CV-4505, 2020 WL 2526366, at *1 (S.D. Ohio May 18, 2020), appeal dismissed, 20-3723, 2020 WL 5946086 (6th Cir. Sept. 17, 2020).

complaints with the American and Ohio Bar Associations regarding the behavior of the Federal and State Defendants. (*See* ECF Nos. 23, 27). These motions are **DENIED AS MOOT** because this matter is remanded to state court on jurisdictional grounds. (ECF Nos. 13, 14, 15, 26, 27, 29, 30, 31, 32, 33, 34.)

Messrs. Hobbs and Hernandez filed a motion for leave to file a motion to dismiss (ECF No. 11), as did Interested Party State of Ohio (ECF No. 12). Defendant Diane Menashe, Mr. Hutchison's former attorney, also filed a motion to dismiss. (ECF No. 18.) These motions, as well as the State Defendants' pending motions, are also **DENIED AS MOOT** for the same reason. (ECF Nos. 9, 11, 12, 18, 21.)

To sum, the Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation. (ECF No. 22.) Federal Defendants' Motion to Dismiss (ECF No. 4.) is **GRANTED**, Federal Defendants are **DISMISSED** from this action, and the remainder of the case is **REMANDED** to the Supreme Court of Ohio. Federal Defendants' request to declare Mr. Hutchison a vexatious litigant is **DENIED**. Mr. Hutchison's objections are **OVERRULED** (ECF Nos. 23, 24, 27, 31), Messrs. Hobbs and Hernandez's motion to strike is **DENIED** (ECF No. 28), and the following motions are **DENIED AS MOOT** (ECF Nos. 9, 11–15, 18, 21, 26, 27, 29, 30, 31, 32, 33, 34).

IT IS SO ORDERED.

/s/ Sarah D. Morrison
_____
**SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE**

4