# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RANDALL TYLER
HUTCHISON,

        Plaintiff,

  v.

GOVERNOR MIKE DEWINE,
*et al.*,

        Defendants.

**Case No. 2:21-cv-5289**
**Judge Sarah D. Morrison**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

Plaintiff Randall Tyler Hutchison, proceeding without the assistance of counsel, is currently incarcerated at the Toledo Correctional Institution. On July 6, 2022, this Court dismissed Mr. Hutchison's claims against the Federal Defendants and remanded the remainder of his case to state court. (Opinion and Order, ECF No. 35.) The matter is now before the Court on Mr. Hutchison's Motion to Challenge Derivative Jurisdiction, Compel Testimony from President Joe Biden and United States Attorney General Merrick B. Garland, and Motion to Transfer All Defendants to Federal Case. (Mot., ECF No. 39.) The Court construes the Motion as one for relief from judgment or order under Federal Rule of Civil Procedure 60(b).

The Court relied on the derivative jurisdiction doctrine in dismissing Mr. Hutchison's claims against the Federal Defendants:

> The derivative jurisdiction doctrine holds that if the state court where an action is filed lacks subject matter jurisdiction, the federal court,

> upon removal, also lacks subject matter jurisdiction. *Zeune v. Bender*, No. 2:12-cv-448, 2013 WL 1189856, at *2 (S.D. Ohio Mar. 22, 2013). "In other words, the derivative jurisdiction doctrine applies to cases removed under 28 U.S.C. § 1442 even if the district court would have had jurisdiction if the plaintiff had originally filed his action there." *Id.* The Magistrate Judge found that the Supreme Court of Ohio lacked subject matter jurisdiction because state courts have no jurisdiction to issue mandamus to a federal officer, the derivative jurisdiction doctrine applies, and the Court lacks subject matter jurisdiction. (ECF No. 22 at PageID 287.) The Court agrees[.]

(Opinion and Order, 3.) Mr. Hutchison now argues that "[derivative] jurisdiction is an archaic concept that impedes justice" and that the Court "us[ed] a flawed legal argument" in dismissing the Federal Defendants. (Mot., PAGEID # 430 (citing *Welsh v. Cunard Lines, Ltd.*, 595 F.Supp. 844, 846 (D. Ariz. 1984).)

Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for"

> (1) mistake, inadvertence, surprise, or excusable neglect; . . . [or]

> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[R]elief under Rule 60(b) is . . . extraordinary." *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016). A Rule 60(b) motion should not serve as a substitute for an appeal. *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (collecting cases). Accordingly, "[r]elief under Rule 60(b) is not appropriate where. . . a party unhappy with the Court's ruling simply reargues her case." *Bonds v. Barker*, No. 1:18-cv-1149, 2019 WL 168326, at *2 (N.D. Ohio Jan. 11, 2019) (citing *GenCorp*, 477 F.3d at [373]). Public policy favoring finality of judgments likewise limits application of the rule. *GenCorp*, 477 F.3d at 372. "[A] party seeking relief under Rule 60(b) bears the burden of establishing the grounds

2

for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

Mr. Hutchison cites Rule 60(b)(1) as the basis for his Motion. (Mot,. PAGEID # 429.) "[A] Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). Liberally construing Mr. Hutchison's Motion, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court also considers Rule 60(b)(6). That provision applies in "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). A claim of legal error, unaccompanied by facts establishing extraordinary and exceptional circumstances, will not provide a basis for relief under Rule 60(b)(6). *Pierce v. United Mine Workers of Am. Welfare and Ret. Fund for 1950 and 1974*, 770 F.2d 449, 451 (6th Cir. 1985).

Here, Mr. Hutchison argues that the derivative jurisdiction doctrine is "flawed" because the theory was abrogated by 28 U.S.C. § 1441.[1] (Mot., 1–3.) But, as the Magistrate Judge explained, "most courts agree that the doctrine remains applicable to federal officer removal under § 1442." (ECF No. 22, 5.) The Federal Defendants removed under § 1442—not § 1441. (*See* ECF No. 1.)

---

[1] Mr. Hutchison also argues issues pertaining to venue and transfer of venue. (*See* Mot., 1–3.) These arguments miss the mark, because the Court's prior order dismissing Mr. Hutchison's claims against the Federal Defendants and remanding his remaining claims to state court was based on principles of jurisdiction, not venue. (*See* Opinion and Order.)

3

Accordingly, Mr. Hutchison's Motion (ECF No. 39) is **DENIED**. This case remains closed.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**